# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE J. TIRADO, III, | ) |
| Plaintiff, | ) Civil Action No. 2: 13-cv-1709 |
| v. | ) |
| | ) United States Magistrate Judge |
| DEPARTMENT OF CORRECTIONS, | ) Cynthia Reed Eddy |
| STATE CORRECTIONAL INSTITUTE | ) |
| AT PITTSBURGH, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss, with brief in support (ECF Nos. 14 and 15) and Plaintiff's response in opposition (ECF No. 18). For the reasons that follow, the Motion will be granted and this case will be dismissed.[1]

## Factual Background

Plaintiff, Jose J. Tirado, III, is a pro se inmate currently in the custody of the Department of Corrections ("DOC") in a community corrections center half way house. *See* ECF No. 19. The events giving rise to this lawsuit occurred while Plaintiff was incarcerated at SCI-Pittsburgh.

In his Complaint, Plaintiff alleges that he was prescribed a larger dose of medication than necessary, which caused him to become dizzy and delirious, and ultimately resulted in him falling out of his top bunk and injuring his left eye and right wrist. See Complaint (ECF No. 3.) As Defendants, Plaintiff has named the Department of Corrections and SCI-Pittsburgh.

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. See ECF Nos.

**Standard of Review**

*1.   Pro Se Litigants*

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

In a section 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer,* 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).   See also *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same). Notwithstanding this liberality, pro se litigants are not relieved of their obligation

---

11 and 17.

to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378, (5th Cir. 2002).

Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

2.  *Motion to Dismiss Pursuant to Rule 12(b)(6) - The Legal Standard*

A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied,* -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556

U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

**Discussion**

1. *Exhaustion of Administrative Remedies*

Defendants argue that Plaintiff's Complaint must be dismissed based on Plaintiff's failure to exhaust administrative remedies because in his Complaint Plaintiff admits that he did not file any grievances. The Prison Litigation Reform Act ("PLRA") provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir. 2000) (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp 2d 884, 894–95 (S.D.N.Y.1998) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis,* 204 F.3d at 71. The PLRA also mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo,* 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91. Such requirements "eliminate unwarranted federal-court interference with the administration of

prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 93 (quoting *Nussle,* 534 U.S. at 525). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis,* 372 F.3d 218, 227–32 (3d Cir. 2004).

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense. *Id.* Therefore, it must be pleaded and proven by the defendants. *Brown v. Croak,* 312 F.3d 109, 111 (3d Cir. 2002). However, an affirmative defense may be properly raised in a motion to dismiss where the necessary facts appear on the face of the complaint. *Ball v. Famiglia*, 726 F.3d 448, 461 (3d Cir. 2013).

The Pennsylvania DOC has an Inmate Grievance System which permits any inmate to seek review of problems that may arise during the course of confinement. 37 Pa.Code § 93.9(a); *see also* www.cor.state.pa.us, DOC Policies, Policy No. DC–ADM 804, Inmate Grievance System. After an attempt to resolve any problems informally, an inmate may submit a written grievance to the facility's Grievance Coordinator for initial review. An inmate may then appeal an adverse decision of the Grievance Coordinator to the Superintendent of the institution, and can finally appeal to the Secretary of the DOC Office of Inmate Grievances and Appeals. *See Booth v. Churner*, 206 F.3d 289, 293 n. 2 (3d Cir. 2000) (outlining Pennsylvania's grievance review process), *aff'd,* 532 U.S. 731 (2001).

An inmate's ignorance or confusion regarding the Pennsylvania DOC policies does not excuse failing to adhere to these requirements. *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir.

2003); *Casey v. Smith*, 71 F. App'x 916 (3d Cir. 2003). An inmate's failure to exhaust administrative remedies will only be excused if a prison official's actions in some way contributed to the inmate's failure to exhaust the administrative requirements. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000).

In the instant case, Defendants contend that the Complaint should be dismissed because Plaintiff admits he did not file any grievances. His explanation for not filing a grievance, as stated in his Complaint is: "I did not file a grievance because at the time I was unaware that being injured was grievable . . . ." Complaint at 5. In addition, Plaintiff provides no further explanation for failing to exhaust his administrative remedies in his brief in opposition to the instant motion to dismiss. This explanation is insufficient to avoid Plaintiff's obligation to exhaust his administrative remedies before seeking relief in this Court.

In light of Plaintiff's concession with respect to exhaustion, it is apparent that Plaintiff did not give the grievance process a chance prior to filing this action. Therefore, Plaintiff's Complaint will be dismissed for failure to exhaust his available administrative remedies. Because Plaintiff has not met the administrative exhaustion requirements, allowing him to amend the Complaint would be futile.

2.  *The Eleventh Amendment*

Even assuming *arguendo* that Plaintiff's claims had not been procedurally defaulted, his claims are barred by the Eleventh Amendment to the United States Constitution, which precludes lawsuits against a state in federal court, regardless of the type of relief sought. *Kentucky v. Graham*, 473 U.S. 159,165-67 (1985); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89 (1984).

It is well settled that the DOC is an agency or arm of the state, and therefore, entitled to the same Eleventh Amendment immunity which the Commonwealth enjoys. *Steele v. Pennsylvania*, 2009 WL 614800, *8 (W.D. Pa. 2009). While the Pennsylvania General Assembly has expressly waived its immunity in nine very specific instances as set forth in 42 Pa. C.S.A. § 8522, none of those exceptions is at issue here. And in any event, when enacting its limited waiver of immunity, the Commonwealth specifically reserved its right under the Eleventh Amendment to immunity from suit in federal court. 42 Pa. C. S. §8521(b); *see also* Pa. Const. Art. I, §11; 1 Pa. Const. Stat. Ann. §2310; *Lavia v. Department of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000).

Moreover, Title 42, United States Code, section 1983 makes clear that claims brought pursuant to § 1983 must be brought against a "person" acting "under color" of law. Neither the Department of Corrections nor SCI-Pittsburgh are "persons" as defined under §1983 and thus, cannot be sued under that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

## Conclusion

For all these reasons, the Defendant's Motion to Dismiss will be granted. An appropriate Order follows.

**AND NOW,** this 12th day of November, 2014,

It is hereby **ORDERED** that Defendants' Motion to Dismiss is **GRANTED** in its entirety and Plaintiff's claims are dismissed with prejudice as a matter of law.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

s/ <em>Cynthia Reed Eddy</em><br>
Cynthia Reed Eddy<br>
United States Magistrate Judge

cc: JOSE J. TIRADO, III.
137 West 2nd Street
Erie, PA 16507
(via U.S. First Class Mail)

Yana L. Warshafsky
Office of the Attorney General
(via ECF electronic notification)